**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

READING INTERNATIONAL, INC., a
Nevada corporation,

Plaintiff-Appellant,

v.

THE MALULANI GROUP, LIMITED, a
Hawaii corporation,

Defendant-Appellee.

No.  14-16827

D.C. No.
1:13-cv-00133-JMS-KSC

MEMORANDUM*

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief Judge, Presiding

Argued and Submitted June 15, 2017
Honolulu, Hawaii

Before:  FISHER, PAEZ and NGUYEN, Circuit Judges.

Reading International appeals the judgment in favor of The Malulani Group

on its claims for breach of contract.  We have jurisdiction under 28 U.S.C. § 1291,

and we reverse in part, affirm in part and remand.

---

*This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. The district court erred in concluding the Mortgage afforded Malulani an opportunity to cure its alleged breach of the Settlement Agreement. Based on the alleged breach of the Settlement Agreement, Reading sought to accelerate the maturity of the indebtedness under the Note, a default remedy available under only the Mortgage. Unlike the Pledge Agreements, the Mortgage does not cross reference the cure provision in making breach of the Settlement Agreement an Event of Default. Moreover, although the Mortgage permits cure for breach of a "Loan Document," the Settlement Agreement is not a Loan Document under the Mortgage.

Nor does § 7.11(x) of the Mortgage create a general right to cure any Event of Default under the Mortgage. Rather than modifying all the preceding Events of Default, the plain language of § 7.11(x) creates an *additional* Event of Default for breach of "any of the *other* obligations . . . of this Mortgage or any other Loan Document *not otherwise referred to in this Section*," if that breach is not cured within a specified period. (emphasis added). Malulani's reading, when applied to the identical language in the Pledge Agreements, would render meaningless the Pledge Agreements' cross reference to the cure provision in making breach of the Settlement Agreement an Event of Default. Accordingly, the plain language of the Mortgage does not permit Malulani to cure a breach of the Settlement Agreement.

2

Malulani is correct that Hawaii law looks to the overall context in determining a contract's meaning, *see Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, Inc.*, 148 P.3d 1179, 1194 (Haw. 2006), but Malulani has not shown the parties' intent to permit cure under the Pledge Agreements shows their intent to permit cure under the Mortgage. We therefore give effect to the differences in language between the agreements. *See Stanford Carr Dev. Corp. v. Unity House, Inc.*, 141 P.3d 459, 470 (Haw. 2006) (explaining that contracts should be interpreted to give meaning and effect to each term). The district court erred in concluding otherwise.

The district court, however, did not reach the question of whether Malulani materially breached the Settlement Agreement when two individual Defendant Parties failed timely to certify their compliance with § 5.2(b) of the Settlement Agreement. We therefore remand for the district court to address this issue.

2. The district court correctly granted summary judgment on Reading's remaining claims. First, the Hawaii Uniform Mediation Act does not apply retroactively to the parties' 2009 mediation. Although the Act applies retroactively to mediation *agreements*, it governs mediations *themselves* only prospectively. *See* Haw. Rev. Stat. § 658H-13; *see also United Pub. Workers AFSCME, Local 646, AFL-CIO v. Dawson Int'l, Inc.*, 149 P.3d 495, 511-12 (Haw. 2006) (adopting the same interpretation of the analogous provision in the Hawaii Uniform Arbitration

3

Act).  Thus, the district court correctly concluded Bronster's mediation statements were not privileged.

Second, the district court did not abuse its broad discretion in denying Reading's request to supplement the summary judgment record.  *See Navellier v. Sletten*, 262 F.3d 923, 941 (9th Cir. 2001) ("We review . . . challenges to trial court management for abuse of discretion.").  Reading could have disclosed its evidence of Bronster's mediation statements to the district court in camera without terminating the privilege.  *See United States v. Zolin*, 491 U.S. 554, 568 (1989) ("[D]isclosure of allegedly privileged materials to the district court for purposes of determining the merits of a claim of privilege does not have the legal effect of terminating the privilege."); *Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002) (To show an abuse of discretion in denying a request to reopen discovery, "the movant [must have] diligently pursued its previous discovery opportunities." (quoting *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001))).

Third, the district court correctly granted summary judgment on Reading's claim that the records Malulani produced for inspection were inadequate.  With one exception, Reading has not offered evidence that more detailed records actually exist.  The district court concluded that Reading waived any argument

4

based on the one item for which it offered evidence, and Reading does not challenge that conclusion on appeal.

**REVERSED IN PART, AFFIRMED IN PART AND REMANDED**. The parties shall bear their own costs on appeal.